RAWLS, Chief Judge.
Appellant by this interlocutory appeal poses the following point: The trial court erred in refusing to enter a decree pro con-fesso where the plaintiff had failed to plead to a counterclaim, although more than sixty (60) days had elapsed since the counterclaim had been served and filed.
Appellee Broward Williams, as receiver of National Automobile Insurance Company, filed a complaint seeking foreclosure of a mortgage against a number of defendants including Appellant O’Flarity. The foreclosure complaint alleged, inter alia, that Defendant O’Flarity “* * * has or may claim to have some interest in the property herein described by virtue of or under those Final Judgments entered in that cause lately pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Number 60-180-L, Division “FI” wherein GLORIA M. O’FLARITY as Plaintiff and J. Edwin Larson, Receiver of National Automobile Insurance Company of Wilmington, Dela *468 ware, a corporation, * * * were Defendants.” On May 11, 1966, Appellant filed her answer and counterclaim alleging that she had a judgment against the plaintiff in the amount of $10,494.99 and that same should be impressed against any interest that the plaintiff might have in the real estate being foreclosed. Appellee failed to reply to the counterclaim, and on September 2, 1966, a hearing was held upon Appellant’s motion for decree pro confes-so, which motion was denied by the chancellor.
Rule 1.11(a), Florida Rules of Civil Procedure, 30 F.S.A. provides in part:
The plaintiff shall serve his answer to a counterclaim within twenty days after service of the counterclaim * *
The limited record before us reflects that plaintiff failed to answer the counterclaim within a period far in excess of that time provided in said rule and has yet to proffer such an answer.
Rule 3.9, Florida Rules of Civil Procedure, 31 F.S.A. provides in pertinent part:
“If the cross-defendant shall fail to serve his reply or other defense to an answer asserting a counterclaim and specially praying relief at the time prescribed, or within such other time as shall have been fixed by the court, a decree pro confesso may be taken and like proceedings had thereon as in case of failure of the defendant to serve defensive pleadings to the complaint.”.
The chancellor in denying entry of the decree pro confesso gave no reasons for his action. We could well speculate upon the argument adduced by plaintiff at the hearing upon defendant’s motion, but such speculative or imagined argument is not a part of the record, and thus, we are not benefited with same. This cause points up the necessity of parties to plead their cause as provided by the rules. In summary, Ap-pellee has failed to provide this reviewing court with a record which supports the chancellor’s action. Not only has the Ap-pellee failed to plead to the counterclaim, he has compounded the problem by failure to file a brief with this court. Such derelictions are, to say the least, a distinct disservice to the chancellor’s decree in his favor. Upon the record before us, we have no alternative other than to reverse for further proceedings.
Reversed.
JOHNSON and SACK, JJ., concur.